UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CARMEN RAMOS,

Plaintiff,

vs.                                                                                       Case No.:

VALENTINE & KEBARTAS, INC.,

Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA, and by this Defendant and its agents' illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the Plaintiff resides here, Defendant transacts business here acts, and transactions occurred here.

### PARTIES

5. Plaintiff, Carmen Ramos, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

6. Defendant Valentine & Kebartas, Inc. (hereinafter referred to as "Defendant"), is a collection agency operating from an address of 15 Union Street, Lawrence, MA. 01840. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

7. Defendant regularly uses the mail and telephone in its business. The principal purpose of Defendant's business is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the Fair Debt Collection Practices Act.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

12. Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. After the initial correspondence with Plaintiff, Defendant failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to ascertain whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

16. In or about February, April, May, June, and July of 2012, Defendant contacted Plaintiff by telephone in continuous efforts to collect this debt, which was a "communication" in an attempted to collect a debt as that term is defined by 15 U.S.C. § 1692(a)(2).

17. During these calls, Defendant left voice messages on Plaintiff's answering machine, and failed to identify itself as a debt collector.

## SUMMARY

18. Defendant and its collection employees made all the above-described collection communications to the Plaintiff, in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)(6), and 1692(e)(11).

19. During said collection communications, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d)(6), and 1692(e)(11), amongst others.

20. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

21. Plaintiff hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7.  Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

25. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

26. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692(e)(11).

### COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

27. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

28. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the

purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692(d)(6).

## COUNT 4
### ENGAGED IN CONDUCT TO HARRASS

29. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

30. Defendant repeatedly attempted to collect a debt from Plaintiff with intent to annoy and harass, in violation of 15 U.S.C. 1692(d).

## COUNT 5
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692(g)

31. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

32. Defendant violated § 1692(g) of the FDCPA by failing to send 30 day validation notice, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

33. Defendant acted in an otherwise deceptive, unfair and unconscioable manner and failed to comply with the FDCPA.

## COUNT 6
### VIOLATION OF FCCPA §559.75

34. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

35. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may

bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

## COUNT 7

### VIOLATION OF 559.72(7) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Plaintiff incorporates by reference all of the above paragraphs 1-21 of this Complaint as though fully stated herein.

37. Defendant repreatedly attempted to collect a debt from Plaitniff with the intent to annoy or harass.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages; and

B) Attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: July 30, 2012

    Respectfully submitted,

/s Monica Amor_____
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36st Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile: (305) 526-1175
Attorney for Plaintiff